Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered April 14, 2011, which granted defendants’ motion for summary judgment dismissing the complaint, affirmed, without costs.
Defendants established their entitlement to judgment as a matter of law in this action for personal injuries arising from a collision between two marked police cars being operated during an undisputed emergency operation. Defendants’ proof established that defendant Steve Tompos, a police officer, did not act in “reckless disregard for the safety of others” while operating his vehicle in the wrong direction on a one-way street (see Vehicle and Traffic Law § 1104 [e]). Tompos testified that his vehicle’s emergency lights and siren had been activated prior to the accident, and the evidence showed that he reduced his speed before turning onto the subject street and that he veered to his right in an attempt to avoid impact (see Gervasi v Peay, 254 AD2d 172 [1st Dept 1998]; compare Rockhead v Troche, 17 AD3d 118 [1st Dept 2005]). We note in particular that Tompos’s partner testified that Tompos reduced the vehicle’s speed to 10 miles per hour as he turned into the street where the accident occurred. Plaintiff’s testimony that Tompos was driving at a “high” rate of speed, which plaintiff was admittedly unable to estimate, is conclusory and speculative (see Gallagher v McCurty, 85 AD3d 1109 [2d Dept 2011]; cf. Barraco v De Pew, 33 AD2d 816 [3d Dept 1969]). We therefore disagree with the dissent’s view that issues of fact preclude summary judgment.
*621 In opposition, plaintiff police officer failed to raise a triable issue of fact. There was no evidence that Tompos’s view of traffic was obstructed and evidence that his siren was not on constantly did not rise to the level of conduct required to meet the “reckless disregard” standard (see Saarinen v Kerr, 84 NY2d 494, 501 [1994]).
Concur—Tom, J.E, Sweeny and Degrasse, JJ.